JOSEPH SIGAL *vs.* JACOB BERSON ET AL.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

If a broker, acting under an agreement for compensation, is the procuring cause of a sale of real estate, the mere fact that his agency is not exclusive does not enable his principal to avoid payment by effecting the sale through another broker.

The trial court's conclusion that the plaintiff was entitled to agreed compensation for services as defendant's agent in the purchase of real estate, reviewed and *held* supported by the finding.

Argued January 9th—decided January 30th, 1925.

ACTION to recover a real-estate commission, brought to and tried by the Superior Court in Hartford County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $750, and appeal by the defendants. *No error.*

*Moses A. Berman,* with whom, on the brief, was *Saul Berman,* for the appellants (defendants).

*Samuel Rosenthal,* for the appellee (plaintiff).

PER CURIAM. The finding on appeal states these facts: Defendants employed plaintiff to secure from the owner an offer for certain land upon terms acceptable to them, and agreed to pay plaintiff $750 for his services in relation to such purchase, if he secured such an offer from the owner. After some negotiation, the owner agreed to sell upon terms which plaintiff reported to defendants, and they informed him they would purchase on these terms. Plaintiff thereupon made an appointment with the owner and defendants to meet at the office of an attorney for the purpose of executing the necessary preliminary papers. Defendants failed to keep such appointment and engaged one Rulnick, a real-estate broker, to act for them in the purchase of this property, and he, acting for defendants, bought this property on more favorable terms and conveyed the same to defendants. The employment of Rulnick and the purchase through him were resorted to by defendants with the intent of depriving plaintiff of the compensation they had agreed to pay him.

The court reached the conclusion that the plaintiff had fully performed the service for which defendants employed him and was entitled to the agreed compensation for such service.

The defendants seek to correct the finding, but the evidence fully supports the finding in the particulars in which it is attacked. Defendants claim as matter of law that Rulnick was the procuring cause of the sale; the subordinate facts destroy this claim and compel the conclusion, which the court reached, that the plaintiff fully performed the services for which he was employed, and this involved the conclusion that the plaintiff was the procuring cause of defendants' purchase. Defendants claim that as plaintiff was not given the exclusive agency by defendants to purchase real estate for them, they had a right to buy through whatever broker procured the real estate. The right of defendants to purchase through a broker of their preference would not relieve them of the obligation of carrying out the agreement they had made with the plaintiff. Defendants also claim that plaintiff could not be the agent of both the defendants and the owner of this land without the knowledge and consent of both. The facts found recognize that plaintiff was the agent of the defendants, but there is no finding that he was the agent of the owner in this transaction, and hence the claim rests upon an incorrect premise of fact. Other claims of law are either inapplicable or immaterial.

There is no error.